Eric Honig (CSBN 140765)
LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone:  (310) 699-8051
Fax:  (310) 943-2220

PAUL L. GABBERT (CSBN 74430)
1717 Fourth Street
Third Floor
Santa Monica, CA 90401
plgabbert@aol.com
Telephone: (424) 272-9575

Michael S. Chernis, Esq.  (CSBN 259319)
CHERNIS LAW GROUP P.C.
Santa Monica Water Garden
2425 Olympic Blvd.
Suite 4000-W
Santa Monica, CA 90404
Michael@chernislaw.com
Tel:  (310) 566-4388
Fax: (310) 382-2541

Attorneys for Plaintiff Innovative
Nutraceuticals, LLC and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| INNOVATIVE   NUTRACEUTICALS, LLC, on behalf of itself and all others similarly situated,<br><br>              Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,  and JEFFERSON B.  SESSIONS,  in his official   capacity   as   United   States Attorney General,<br><br>              Defendants. | No.  EDCV 18-1400<br><br>CLASS ACTION COMPLAINT<br><br>5 U.S.C. §701, *et seq.*<br><br>[Jury Demand] |

Plaintiff INNOVATIVE NUTRACEUTICALS, LLC ("Plaintiff"), on behalf of itself and all others similarly situated, hereby files this Class Action Complaint against the above-named Defendants, and alleges:

## BACKGROUND

1.     This case involves the importation of crushed plant material constituting "industrial hemp," which is a source of cannabidiol ("CBD"), a compound found in industrial hemp, which has been effective in treating numerous diseases and has been used in medicine for generations.  Industrial hemp is a strain of cannabis plant, but with markedly different legal status than what is commonly referred to in federal law as "marijuana."

2.     CBD is one of over 60 compounds found in cannabis that belong to a class of ingredients called cannabinoids.   Until recently, tetrahydrocannabinol ("THC") received particular attention as the ingredient in cannabis that produces mind-altering effects in users.  CBD, on the other hand, has no psychoactive effects, although it can be found in strains of cannabis that also have significant THC.

3.     CBD is a major nonpsychoactive component of Cannabis Sativa.  CBD acts as an anti-inflammatory, anticonvulsant, antioxidant, antiemetic, anxiolytic and antipsychotic agent, and is therefore a potential medicine for the treatment of neuroinflammation and certain kinds of chronic pain, epilepsy, diabetes, oxidative injury, vomiting and nausea, panic disorder, obsessive compulsive disorder, post-traumatic stress disorder and schizophrenia.  Pretreatment with CBD can significantly reduce anxiety, cognitive impairment and discomfort in speech performance.

4.     Several scientific reports also have demonstrated that the use of CBD can inhibit the growth of different breast tumor cell lines.  Data also suggests it can be used to inhibit the invasion of lung and colon cancer, and possesses anti-tumor properties in gliomas and has been used to treat leukemia.

5.     Marijuana is classified as a Schedule 1 drug by the federal government.

2

Schedule 1 drugs are alleged to have a high potential to create severe psychological or physical dependence.  Numerous experts have disputed this classification for years.  As a result, in 1996 California voters passed Proposition 215, allowing for the use of medical marijuana.  Since then, at least 27 more states, plus the District of Columbia, Guam and Puerto Rico, have enacted similar laws that allow for comprehensive public medical marijuana and cannabis programs. Many of those states did so specifically because of the health benefits of CBD and, in fact, some states only allow consumption of CBD as part of their programs.

6.     Accordingly, 17 states more recently have approved the use of low THC, high CBD products for medical reasons in limited situations:  Alabama, Florida, Georgia, Iowa, Kentucky, Louisiana, Mississippi, Missouri, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Utah, Virginia, Wisconsin, and Wyoming.  Each state has specific requirements and conditions that need to be followed to use CBD legally, such as patient registry requirements and definitions of products that are allowed

7.     As a consequence of this classification of Marijuana as a Schedule I controlled substance, the federal government has erroneously painted the cannabis plant and its component parts with a broad brush of illegality without regard to the nuances. As discussed below, this has led to the federal government, including the Customs and Border Patrol divisions of the Department of Homeland Security, effectively treating CBD as illegal, even though it is not illegal and not a Schedule I controlled substance.

## INTRODUCTION

8.     Plaintiff, which imports crushed industrial hemp material and produces and markets CBD products from that material, herein challenges, along with the class, the defendant government's repeated and improper detention, seizure, forfeiture and/or destruction of imported shipments of crushed hemp materials that are lawful under federal law, and its arbitrary, capricious and inconsistent approach to enforcement of the law.

9.     The crushed industrial hemp plant materials contained in these shipments are not prohibited by the federal Controlled Substances Act ("CSA").   While "Marijuana" is classified as a Schedule I substance under the CSA, its definition explicitly exempts specific portions of the plant from the CSA.   Moreover, the CSA does not categorize CBD as a Schedule I controlled substance.

10.    "Marijuana" is defined in the CSA as:  "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."  21 U.S.C. §802(16).

11.    Plaintiff's shipments consist and have consisted entirely of crushed seed and stalk material cultivated from industrial hemp lawfully grown in Spain.   Because this industrial hemp material constitutes and constituted exempt portions of the cannabis plant, it does not meet the definition of marijuana in 21 U.S.C. §802(16) and is legal to import.

12.    Documentation provided by Plaintiff's shipper accompanying each shipment demonstrates that the material in each package was cultivated from seeds certified as industrial hemp in Spain.  This means, by necessity, that the material had less than 0.3% of THC.  This also would qualify the product as industrial hemp in the United States, making it exempt from the application of the CSA under the 2014 Farm Bill, 7 U.S.C. §7606.

13.    The U.S. Ninth Circuit Court of Appeals has held that the CSA exempts "non-psychoactive hemp" from the definition of "marijuana."  *Hemp Indus. Ass'n v. Drug Enforcement Admin.* ("*Hemp Industries II*"), 333 F.3d 1012, 1013 n.2 (9th Cir.

4

2003)("We refer to hemp stalks, fiber, oil and cake made from hemp seed, and sterilized hemp seed itself – i.e., those substances excluded from the definition of marijuana under 21 U.S.C. § 802(16) – as 'non-psychoactive hemp.'").

14.    Although exempt portions of the marijuana plant are prohibited from cultivation in the United States under federal law – due to its classification as marijuana – there is no prohibition against importing industrial hemp derived from the exempt portions. *Kiczenski v. Ashcroft*, 2006 WL 463153, *3 (E.D. Cal. 2006); *Limbach v. Hooven & Allison Co.*, 466 U.S. 353, 355 (1984)(stating that hemp fibers "are not grown in the United States and must be imported").

15.    Accordingly, although historically it has not been legal under federal law to cultivate the legally exempt plant materials in the United States, it is lawful to import exempt portions of such plants from other countries where such cultivation is legal.

16.    The fact that these imported crushed hemp plant materials may test positive for trace amounts of THC does not make them illegal to import into, or to possess or sell in, the United States.  The Ninth Circuit has determined that naturally occurring THC contained in exempt portions of the marijuana plant is not illegal under the CSA.  *Hemp Industries II*, at 1018.

17.    The U.S. Drug Enforcement Agency ("DEA") recently acknowledged the legality of cannabinoids found in exempt plant material on its official website:

> If a product consisted solely of parts of the cannabis plant excluded from the CSA definition of marijuana, such product would not be included in the new drug code (7350) [for marijuana extract] or in the drug code for marijuana (7360). . . . [I]f a product, such as oil from cannabis, consisted solely of parts of the cannabis plant excluded from the CSA definition of marijuana, such product would not be included in the new drug code (7350) or in the drug code for marijuana (7360), **even if it contained trace amounts of cannabinoids**.

*Clarification of the New Drug Code (7350) for Marijuana Extract*, https://www.deadiversion.usdoj.gov/schedules/marijuana/m_extract_7350.html (emphasis added).

5

18.    Industrial hemp has been defined in Europe for years as having 0.3% THC or less. In 2014, Congress adopted the same THC threshold percentage in legalizing industrial hemp. 7 U.S.C. §5940(b)(2) ("The term 'industrial hemp' means the plant Cannabis sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.") This definition emphasizes the fact that cannabis plant strains containing 0.3% of THC or less are not considered to be marijuana under federal law and are therefore, lawful to cultivate and possess in the United States since they are not subject to the CSA.

19.    Plaintiff does not dispute that the materials in the shipments the government seized may have tested positive for trace amounts of THC, since test results from the shipper itself have indicated that the hemp material tested positive for up to 0.2% THC.

20.    Defendants have admitted that trace amounts of THC do not render plant material illegal under the CSA.  In *Hemp Indus. Ass'n v. Drug Enforcement Admin.*, No. 17-70162 (currently pending before the Ninth Circuit), the government's answering brief judicially admitted that "[t]he statutory definition of marijuana expressly excludes 'the mature stalks of the cannabis plant, fiber produced from such stalks, oil or cake made from the seeds of such,'" among other derivatives.  (*Id.*, Resp. Br. at 4.)

21.    Defendants further conceded, in the context of explaining the DEA's December 2016 rule regarding how to classify marijuana extracts, that where trace amounts of THC are found in plant materials, that does not render the material illegal under the CSA:  "To the extent that a product consisting solely of exempt parts of the cannabis plant contained trace amounts of cannabinoids, such product would not be included in the new drug code." (*Id.*, Resp. Br. at 26-27).

22.    As shown herein, the material in Plaintiff's shipments were derived from exempt plant material and contained only trace amounts of THC at or below the 0.3% threshold.  As a result, the government in certain instances used the CBD content as an alleged basis to seize Plaintiff's shipments, even though the CBD in those shipments was

1   not illegal.  Thus, there was and is no basis for seizing Plaintiff's shipments and/or

2   forfeiting them to the government.

3        23.    Plaintiff and its vendors in Spain have disclosed the contents of their

4   shipments to the regulatory authorities in Spain and the United States to ensure that they

5   are lawful and properly delivered.  For example, before effectuating its initial shipment

6   from Spain in 2015, Plaintiff applied to the U.S. Department of Agriculture ("DOA") for

7   a permit to import industrial hemp materials.   In response, DOA's Animal and Plant

8   Health Inspection Service informed Plaintiff that no permit was required for the lawful

9   shipment of these materials.

10       24.    Consequently, since Plaintiff's hemp shipments do not contain controlled

11  substances according to the CSA's definition of marijuana and therefore are legal,

12  Plaintiff and the class members hereby seek:  a) declaratory and injunctive relief ordering

13  the Defendant government to not detain, seize or destroy any shipments of hemp plant

14  materials that contain 0.3% or less of THC, regardless of the CBD content; b)

15  alternatively, declaratory and injunctive relief ordering the Defendant government to

16  provide owners of shipped hemp plant materials with notice within seven (7) days of

17  detention and/or seizure, and the opportunity for a hearing to contest the detention and/or

18  seizure within 30 days of notice of the detention and/or seizure; c) declaratory and

19  injunctive relief ordering the Defendant government to immediately return all shipments

20  currently under detention and/or seizure that contain 0.3% or less of THC, regardless of

21  the CBD content; and d) reimbursement for the value of all such shipments containing

22  0.3% or less of THC that were forfeited or destroyed by the government regardless of the

23  CBD content during the six years preceding the filing of this Complaint.

24                          **JURISDICTION AND VENUE**

25       25.    This is a class action brought against the United States of America pursuant

26  to Federal Rule of Civil Procedure 23, 5 U.S.C. §701 *et seq.*, the Fifth Amendment Due

27  Process Clause of the United States Constitution, and 28 U.S.C. §1346(a)(2), *inter alia*.

28

26.     This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1346(a)(2).

27.     Venue as to each Defendant is proper in this district pursuant to 28 U.S.C. §1391(b)(1), (2) and (3) and (e)(1)(B) and (C).

## PERSONS AND ENTITIES

28.     The representative Plaintiff is a limited liability corporation residing in the County of Riverside, State of California, and registered in the State of California.  The acts the Defendant  government suffered upon the Plaintiff are similar to the acts the Defendant government suffered upon the other class members as set forth hereinafter.

29.     Defendant United States of America is an entity of the government of the United States of America.  Defendant Jefferson B. Sessions is the Attorney General of the United States.

## CLASS ACTION ALLEGATIONS

30.     This action is properly maintainable as a class action because: a) the class is so numerous that joinder of all members is impracticable, b) there are questions of law or fact common to the class, c) the claims or defenses of the representative party are typical of the claims or defenses of the class, and d) the representative party will fairly and adequately protect the interests of the class, pursuant to the requirements of Federal Rule of Civil Procedure 23(a), and as set forth in detail below.

31.     The class members are easily ascertainable and are within the knowledge of the Defendants named herein.  The representative Plaintiff brings this action on behalf of itself and as a class action on behalf of the class, defined as follows:

**Class A:**  All persons and/or entities from whom a shipment of hemp plant materials that contained CBD and/or contained 0.3% or less of THC was detained or seized for forfeiture or destruction by the Defendant United States of America, on or after six years preceding the date of the filing of Plaintiff's class action Complaint, within the jurisdiction of the United States of America.

**Class B:**  All persons and/or entities from whom a shipment

8

of hemp plant materials that contained CBD and/or contained 0.3% or less of THC is detained or seized for forfeiture or destruction in the future by the Defendant United States of America, within the jurisdiction of the United States of America.

32.     The Defendant government's actions have affected the property rights of numerous class members throughout the country, making the class so numerous that joinder of all members is impracticable.  Because the class members may be identified from records regularly maintained by the government and its  employees and agents, the number and identity of the class members can be easily ascertained through the Defendants' own records.

33.     The claims and defenses of the class representatives are typical of the class, in that their property rights were affected by the Defendant government's above-described improper actions, and the representative Plaintiff, like all class members, was similarly harmed by the same systematic and pervasive pattern of conduct engaged in by the government.

34.     The representative Plaintiff will fairly and adequately represent and protect the interests of the members of the class, and has retained counsel who are competent and experienced in the areas of the Controlled Substances Act, asset forfeiture law, federal civil litigation and class action litigation in federal court.  There are no material conflicts between the claims of the representative Plaintiff and the members of the class that would make class certification inappropriate.  Counsel for the class will vigorously assert the claims of all class members.

35.     This class action is superior to all other methods for the fair and efficient adjudication of this controversy, because joinder of all class members is impracticable. Furthermore, the expense and burden of individual actions makes it practically impossible for the class members to individually redress the wrongs they have suffered or may suffer or continue to suffer in the future if the above practice is maintained. There will be  no difficulty in managing this case as a class action.

36.    The following questions of law or fact common to the members of the class predominate over any questions affecting only individual members:

a.    As to all persons or entities who shipped hemp plant materials containing CBD and/or 0.3% or less of THC into the jurisdiction of the United States of America, and the materials have been detained or seized by the government but not destroyed, whether the government should be required to immediately return all said materials forthwith;

b.    As to all persons or entities who ship hemp plant materials containing CBD and/or 0.3% or less of THC into the jurisdiction of the United States of America in the future, whether the government should be prohibited from detaining, seizing or destroying said shipments;

c.    As to all persons or entities who ship hemp plant materials containing CBD and/or 0.3% or less of THC into the jurisdiction of the United States of America in the future, whether the government should be required to provide owners of said shipped materials with notice within seven (7) days of detention and/or seizure, and the opportunity for a hearing to contest the detention and/or seizure within 30 days of receipt of the notice; and/or

d.    As to persons from whom shipments of hemp plant materials containing CBD and/or 0.3% or less of THC were detained or seized for forfeiture or destruction by the Defendant United States of America during the six years preceding the filing of this Complaint, within the jurisdiction of the United States of America, whether the government should reimburse the owners of the materials for the loss of the fair market value of said shipments.

37.    This action is properly maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.

38.    This action also is properly maintainable as a class action because the Defendants have acted or refused to act on grounds generally applicable to the class, and

such conduct is likely to reoccur against Plaintiffs and the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39.     Because the names and addresses of the class members are in the possession and control of the Defendants, and not within Plaintiff's control, notice to the class members should be sent by the Defendants.

## SPECIFIC ACTS GIVING RISE TO THIS ACTION

### 2015 Seizure and Destruction of Plaintiff's Shipment

40.     On November 30, 2015, Plaintiff imported hemp plant materials containing 0.3% or less of THC from L&M Natural Hemp in Spain. The materials arrived at Los Angeles International Airport ("LAX") on December 6, 2015, and were seized by the Department of Homeland Security ("DHS").

41.     The shipment consisted of four packages totaling 31 kilograms of ground industrial hemp plant material grown in Spain. The U.S. Department of Customs and Border Protection ("Customs") purportedly tested the shipment and found that it tested positive for CBD.

42.     Customs seized the crushed hemp plant materials under case #2016-2720-00008901. As explained above, however, the materials in the shipment were not prohibited by the CSA because CBD is not a Schedule I controlled substance and because not even trace amounts of THC were detected. Accordingly, on October 28, 2016, Plaintiff filed a petition with Customs for administrative review of the seizure.

43.     Customs did not respond until nearly seven months later, when it denied Plaintiff's petition, stating that after consultation with the DEA, it determined that "CBD is a naturally occurring constituent of marijuana" and thus meets the definition of marijuana under the CSA. It further concluded that "hemp flowers" are not "sterilized seed" and therefore not excluded from the definition of marijuana. Customs, however, provided no evidence that "hemp flowers" were contained within the materials or

evidence of the alleged percentage of THC in the shipment. Moreover, the contention that CBD is a naturally occurring constitute of marijuana does not make sense; although CBD is a cannabinoid derived from the cannabis plant, that does not equate to being "marijuana" within the meaning of the CSA, since it can be derived from industrial hemp.

44. Customs did not provide Plaintiff with notice and the opportunity to be heard to contest this determination, but instead stated that "this seizure is no longer subject to the administrative process and will be immediately subject to appropriate disposition." Plaintiff believes that the government destroyed the hemp materials contained in this shipment.

<u>2017 Seizure and Destruction of Plaintiff's Shipment</u>

45. On or about January 25, 2017, in Newark, New Jersey, Defendants seized from Plaintiff another shipment from Spain of industrial crushed hemp material, however Defendants did not provide any notice of any forfeiture proceedings or an opportunity for Plaintiff to challenge the seizure.

46. On March 3, 2017, after investigating the matter with the carrier and realizing Customs had seized the shipment, Plaintiff e-mailed Customs inquiring why the shipment was seized and about the status (FP&F seizure # 2017460110152901).

47. Plaintiff's inquiry was referred to Customs' Fines, Penalties & Forfeitures division in Newark.

48. It was only after several weeks of attempts to make contact with that office that Plaintiff learned on April 7, 2017 that the shipment had been destroyed by Defendants because it allegedly tested positive for marijuana.

49. Defendants failed to provide Plaintiff with notice and the opportunity for a hearing to contest the seizure or destruction of its property. Defendants, however, informed Plaintiff that no notice had to be provided to Plaintiff because of the positive test.

50. As shown herein, however, the crushed hemp materials in the shipment were

not prohibited by the CSA.

51.     Plaintiff requested reimbursement by Defendants for the destroyed property, along with copies of all documents concerning the seizure and destruction of its property, including investigative and lab reports, to no avail.

<u>2017 Detention/Seizure of Plaintiff's Additional Shipment</u>

52.     In 2017, Plaintiff arranged for another shipment to LAX from Natural Hemp in Spain, on LOT Polish Airline. This shipment consisted of crushed hemp plant material containing 0.3% or less of THC.

53.     The shipment apparently was detained by Customs on or about November 25, 2017, purportedly for testing.

54.     Customs did not provide Plaintiff with notice of this detention.   It was not until approximately February 1, 2018, that Plaintiff learned from the shipping broker that the shipment was seized by Customs.   During the interim months, Plaintiff attempted several times to obtain information about the shipment and to find someone with whom to communicate about the legality of the shipment's contents.   Numerous messages were not returned in Plaintiff's futile effort to find a point of contact within Customs.

55.     Plaintiff eventually learned the shipment was assigned Seizure #2018-2720-00009501, and was informed by Customs in a February 26, 2018 email that Customs would not provide Plaintiff with a formal notice of the seizure, and instead, already had "summarily forfeited" the materials because unspecified "testing" allegedly revealed the presence of "THC extracts" in the substance being imported.

56.     Plaintiff immediately notified Customs by email that it intended to contest forfeiture since the presence of small amounts of THC does not by itself make the hemp material illegal.   Plaintiff further notified Customs not to destroy the materials because it intended to appeal Customs' determination.

57.     After receiving no response from Customs, on March 8, 2018 Plaintiff sent another email to Customs asking whether the shipment had been destroyed and, if so,

when.

58.     Plaintiff also requested a copy of the test results referred to in Customs' email, however Customs never responded to Plaintiff's inquiry.

59.     Plaintiff believes that its property has been destroyed, although Defendants failed to provide Plaintiff with notice and the opportunity for a hearing to contest the detention/destruction of its property.

2018 Seizure of Plaintiff's Shipment

60.     Another shipment of Plaintiff's hemp plant materials containing 0.3% or less of THC was seized at the Louisville, Kentucky airport, Customs case #2018-4196-101136701.  This shipment also was imported from Natural Hemp in Spain, through United Parcel Service ("UPS").

61.     On or about March 14, 2018, this shipment was intercepted by DHS. The shipment consisted of 50 kilograms of crushed industrial hemp plant material grown in Spain, which was exactly stated on the UPS Import Shipment Detail.

62.     Plaintiff believes Customs purportedly tested the shipment and found that it tested positive for delta-9-tetrahydrocannabinol, i.e., THC.

63.     After Customs agreed not to destroy the materials, on April 17, 2018 Plaintiff filed an administrative petition seeking return of the shipment, and its preservation for further testing.  On June 20, 2018, Plaintiff received a response to the petition from CBP stating that the shipment "may be" released to Plaintiff, only on the condition that Plaintiff a) submit a notarized "Hold Harmless Agreement" (agreeing not to sue CBP for its damages relating to this improper seizure), and then b) either pay for the government's private storage contractor's delivery fees for the return of its shipment or incur its own costs to pick up the shipment from the contractor in Dayton, New Jersey.

Future Shipments

64.     It is Plaintiff's intention to continue shipping crushed industrial hemp plant materials containing 0.3% or less of THC, and CBD, from Spain.  Plaintiff fears that

14

Customs will continue to detain, seize, summarily forfeit and/or destroy these shipments without providing Plaintiff with notice and an opportunity for a hearing to contest Defendant's actions against Plaintiff's property

## CLAIMS OF OTHER PERSONS SIMILARLY SITUATED

65.     Plaintiff is informed and believes that the Defendant government, throughout the United States of America and its territories, has detained, seized, summarily forfeited and/or destroyed shipments of hemp plant materials 0.3% or less of THC imported by numerous other class members, sometimes merely because CBD was detected.  The harms suffered by Plaintiff and the class members are directly traceable to the government's misapplication of the law, and there is a likelihood of repetition of such harm to Plaintiff and the class members in the immediate future.

## FIRST CAUSE OF ACTION

### (Administrative Procedures Act, 5 U.S.C. §701 *et seq.*)

### For an Injunction and/or Declaratory Relief ordering the
### government to not detain, seize, summarily forfeit or destroy any
### future shipments of hemp plant materials containing CBD
### and/or 0.3% or less of THC

66.     Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-65, above.

67.     Because of the above-mentioned acts and omissions, the Defendants have violated the rights of Plaintiff, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by improperly detaining, seizing or destroying shipments of hemp plant materials containing CBD and/or 0.3% or less of THC.

68.     Because of these aforementioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, through which the Defendants have ostensibly acted to conduct the above-referenced detentions, seizures, summary forfeitures and

destruction of the property of Plaintiff and the class members, the Defendant government should be ordered not to detain, seize, summarily forfeit or destroy any future shipments of hemp plant materials containing 0.3% or less of THC, regardless of the CBD content.

## SECOND CAUSE OF ACTION

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*;**

**U.S. Constitution, Fifth Amendment Due Process Clause)**

**For an injunction and/or declaratory relief ordering**

**Defendants to provide timely notice and a timely hearing**

69.    Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-65, above.

70.    Because of the above-mentioned acts and omissions, Defendants have violated the rights of Plaintiff, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by failing to provide notice of the detention or seizure of hemp plant materials and a timely opportunity for a hearing to contest the detention and seizures to Plaintiffs and the class members, in violation of federal law.

71.    Because of these aforementioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* and the U.S. Constitution, Fifth Amendment Due Process Clause, the Defendants should be ordered to provide all owners and shippers of detained or seized hemp plant materials with notice within seven (7) days of detention and/or seizure of any such shipment, and the opportunity for a hearing to contest the detention and/or seizure within 30 days of notice.

///

///

///

///

///

16

**THIRD CAUSE OF ACTION**

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*;**

**U.S. Constitution, Fifth Amendment Due Process Clause)**

**For declaratory and injunctive relief ordering Defendants to**

**not destroy and return all detained, seized and forfeited hemp materials**

72.    Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-65, above.

73.    Because of the abovementioned acts and omissions, the Defendants have violated the rights of Plaintiff, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in their official capacity and/or under legal authority, by detaining, seizing and forfeiting their property while failing to provide notice to Plaintiffs and the class members and an opportunity for a hearing to contest the detentions, seizures, and forfeitures of shipments of hemp plant materials containing CBD and/or 0.3% or less of THC, in violation of the Fifth Amendment Due Process Clause of the United States Constitution.

74.    Because of these aforementioned acts and omissions, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* and the U.S. Constitution, Fifth Amendment Due Process Clause, Plaintiff requests that the Defendants be enjoined from destroying any such hemp shipments during the pendency of this action. Plaintiff further requests the Defendants be ordered to return all such hemp shipments forthwith.

**FOURTH CAUSE OF ACTION**

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*;**

**U.S. Constitution, Fifth Amendment Due Process Clause;**

**28 U.S.C. §1346(a)(2))**

**For reimbursement for the destruction of all**

**past shipments of hemp materials**

75.    Plaintiff herein incorporates by reference the acts and omissions described

in Paragraphs 1-65, above.

76.     Because of the above-mentioned acts and omissions, the Defendants have violated the rights of Plaintiff, and the rights of all other persons similarly situated, in that Defendants acted and/or failed to act in its official capacity and/or under legal authority, by detaining, seizing, summarily forfeiting and/or destroying shipments of hemp plant materials containing CBD and/or 0.3% or less of THC, in violation of the Fifth Amendment Due Process Clause of the United States Constitution.

77.     Because of these aforementioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.* and the U.S. Constitution, Fifth Amendment Due Process Clause, and 28 U.S.C. §1346(a)(2), the Defendants should be ordered to reimburse Plaintiff and all class members for the lost fair market value of their aforementioned shipped materials.

## BASIS FOR DECLARATORY AND INJUNCTIVE RELIEF

78.     An actual controversy has arisen and now exists between Plaintiff and the Defendants in that Plaintiff contends, and the Defendants deny, that notice and an opportunity for a timely hearing to contest the government's conduct must be provided as described herein.

79.     Beginning six years before the date of the filing of the initial Complaint, and continuing to the present time, the Defendant government has unlawfully and wrongfully detained, seized, forfeited and/or destroyed the property of the representative Plaintiff and the class members, and failed to provide adequate notice and the opportunity for a timely hearing to contest this conduct pursuant to federal civil forfeiture and constitutional law. Defendants also have failed and refused to return the property that was detained, seized and/or forfeited in violation of federal law.

80.     Defendants' continuing wrongful conduct against Plaintiff and present and future class members, unless and until enjoined and restrained by order of this Court, will cause great and irreparable harm, in that the Defendants will continue to wrongfully

1  deprive class members of their property without providing the required federal statutory
2  and constitutional  remedies of timely notice and a timely opportunity to be heard.

3      81.    Plaintiff and present and future class members have no adequate remedy at
4  law for the harm that has been inflicted and that continues to be threatened, in that the
5  Defendants do not provide for or offer an adequate federal administrative and/or judicial
6  statutory remedy for aggrieved persons to protect their property.

7                          **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff, and all others similarly situated, pray for the following
9  relief:

10     a.    That the Court certify this action as a class action;

11     b.    That judgment be entered on behalf of Plaintiff and all class members and
12  against the Defendants, ordering them not to detain, seize, summarily forfeit or destroy
13  any future shipments of hemp plant materials containing 0.3% or less of THC, regardless
14  of the CBD content, as described herein;

15     c.    That judgment be entered on behalf of Plaintiff and all class members and
16  against the Defendants, ordering them to provide owners of shipped hemp plant materials
17  with notice within seven (7) days of detention and/or seizure of any such shipment, and
18  the opportunity for a hearing to contest the detention and/or seizure within 30 days of
19  notice;

20     d.    That judgment be entered on behalf of Plaintiff and all class members and
21  against the Defendants, ordering them to return all such detained, seized and/or forfeited
22  shipments forthwith;

23     e.    That judgment be entered on behalf of Plaintiff and all class members and
24  against the Defendants, enjoining them from destroying any such shipments during the
25  pendency of this action;

26     f.    That judgment be entered on behalf of Plaintiff and all class members and
27  against the Defendants, ordering them to reimburse Plaintiff and all class members for the
28

1    lost fair market value of their aforementioned shipped materials

2          g.     That Plaintiff and all class members be awarded their costs and reasonable

3    attorneys' fees in this action, pursuant to 28 U.S.C. §2412, or as otherwise authorized by

4    law and/or equity;

5          h.     For a trial by jury; and

6          I.     All other necessary, proper and appropriate legal and equitable relief.

7

8    Dated: June 28, 2018                    Respectfully submitted,

9                                            LAW OFFICE OF ERIC HONIG
                                             A Professional Law Corporation
10
                                             PAUL L. GABBERT
11

12                                           CHERNIS LAW GROUP P.C.

13                                           /s/ Eric Honig
14                                           _____
                                             ERIC HONIG
15                                           Attorneys for  Plaintiff and the Class

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             20

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all claims and causes of action to which they are entitled to a jury trial.

Dated:  June 28, 2018                    Respectfully submitted,

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation

PAUL L. GABBERT

CHERNIS LAW GROUP P.C.

/s/ Eric Honig

ERIC HONIG
Attorneys for  Plaintiff and the Class

21