NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DANIEL O. BLAU (Cal. Bar No. 305008)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-0165
     Facsimile: (213) 894-7819
     E-mail: Daniel.Blau@usdoj.gov

Attorneys for Defendant
United States of America

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| INNOVATIVE NUTRACEUTICALS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No. CV 5:18−cv−01400−JGB−SHK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hearing Date:  February 11, 2019<br>Hearing Time:  9:00 a.m.<br><br>Honorable Judge Jesus G. Bernal<br>United States District Judge |

# **TABLE OF CONTENTS**

DESCRIPTION                                                                          PAGE

TABLE OF AUTHORITIES .................................................................................ii

NOTICE OF MOTION AND MOTION TO DISMISS ......................................v

MEMORANDUM OF POINTS AND AUTHORITIES .....................................1

I.     INTRODUCTION ......................................................................................1

II.    STATEMENT OF FACTS .........................................................................1

III.   REGULATORY FRAMEWORK ...............................................................2

       A.     Marijuana under the CSA ................................................................2

       B.     Legal status and seizures of Schedule I controlled substances. ....4

IV.    ARGUMENT ..............................................................................................5

       A.     Plaintiff fails to state a claim for violation of the Administrative
              Procedure Act. ................................................................................5

       B.     Plaintiff fails to state a claim for due process violations. .............8

       C.     Plaintiff fails to identify a waiver of sovereign immunity for
              damages. ..........................................................................................9

       D.     Plaintiff fails to establish jurisdiction under the Little Tucker Act. ...9

       E.     Plaintiff's claims for prospective injunctive relief are not justiciable. ......10

              1.     Plaintiff lacks standing where it could avoid harm by
                     complying with law. ...........................................................11

              2.     Plaintiff's claims will likely be rendered moot by changes in
                     law. .......................................................................................11

V.     CONCLUSION .........................................................................................13

i

1

# TABLE OF AUTHORITIES

2

**Cases**                                                                       **Page(s)**

3

*Burke v. Barnes*,
   479 U.S. 361 (1987) ................................................................................ 11

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*,
   467 U.S. 837 (1984) .................................................................................. 6

*Conkey v. Reno*,
   885 F. Supp. 1389 (D. Nev. 1995) ........................................................... 6

*Cooper v. City of Greenwood. Mississippi*,
   904 F.2d 302 (5th Cir. 1990) ................................................................... 8

*FW/PBS, Inc. v. Dallas*,
   493 U.S. 215 (1990) ............................................................................... 10

*Gonzales v. Raich*,
   545 U.S. 1 (2005) .................................................................................... 9

*Hemp Indus. Ass'n v. Drug Enforcement Admin.*,
   333 F.3d 1082 (9th Cir. 2003) ....................................................... 2, 3, 4

*Hemp Indus. Ass'n v. United States Drug Enforcement Admin.*,
   720 F. App'x 886 (9th Cir. 2018) ............................................................ 7

*Hewitt v. Grabicki*,
   794 F.2d 1373 (9th Cir. 1986) ................................................................. 9

*Hodgers–Durgin v. De La Vina*,
   199 F.3d 1037 (9th Cir.1999) (en banc) ................................................ 11

*Ky. Dep't of Corrections v. Thompson*,
   490 U.S. 454 (1989) ................................................................................ 8

*Little v. Gore*,
   148 F. Supp. 3d 936 (S.D. Cal. 2015) ..................................................... 9

*Log Cabin Republicans v. United States*,
   658 F.3d 1162 (9th Cir. 2011) ............................................................... 11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................... 10

*Marshall Leasing, Inc. v. United States*,
   893 F.2d 1096 (9th Cir. 1990) ................................................................. 9

*Matsuo v. United States*,
   416 F. Supp. 2d 982 (D. Haw. 2006) ...................................................... 9

*Monson v. Drug Enforcement Admin.*,
   522 F. Supp. 2d 1188 (D.N.D. 2007), aff'd, 589 F.3d 952 (8th Cir. 2009) .............. 13

*New Hampshire Hemp Council, Inc. v. Marshall*,
   203 F.3d 1 (1st Cir. 2000) ................................................................ 1, 3

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

*Outdoor Media Grp., Inc. v. City of Beaumont,*
  506 F.3d 895 (9th Cir. 2007) ............................................... 11, 12

*O'Shea v. Littleton,*
  414 U.S. 488 (1974) ............................................................ 11

*Sharemaster v. U.S. SEC,*
  847 F.3d 1059 (9th Cir. 2017) ............................................ 6

*Spencer v. Kemna,*
  523 U.S. 1 (1998) ............................................................... 11

*Torres v. Cty. of Calaveras, No. 1:17-CV-1568 AWI-SKO,*
  2018 WL 1763245 (E.D. Cal. Apr. 12, 2018) ..................... 9

*United States v. Bormes,*
  568 U.S. 6 (2012) ............................................................... 10

*United States v. Gordon,*
  638 F.2d 886 (5th Cir. 1981) .............................................. 6

*United States v. Harrell,*
  530 F.3d 1051 (9th Cir. 2008) ............................................ 9

*United States v. Jeffers,*
  342 U.S. 48 (1951) ............................................................. 8

*United States v. Proyect,*
  989 F.2d 84 (2d Cir. 1993) ................................................. 4

*V S Limited P'ship v. Dep't of Housing and Urban Dev.,*
  235 F.3d 1109 (8th Cir. 2000) ............................................ 10

*Warth v. Seldin,*
  422 U.S. 490 (1975) ........................................................... 10

**Statutes**

5 U.S.C. § 702 ...................................................................... 9

5 U.S.C. § 706 ...................................................................... 5

5 U.S.C. §§ 701-706 ............................................................ 5

7 U.S.C. § 5940 .................................................................... 7

21 U.S.C. § 801 .................................................................... 1

21 U.S.C. § 802(6) ............................................................... 4

21 U.S.C. § 802(16) ...................................................... 2, 3, 4, 5, 6

21 U.S.C. § 812 .................................................................... 4, 9

21 U.S.C. § 841 .................................................................... 9

21 U.S.C. § 844 .................................................................... 9

iii

21 U.S.C. § 881 ............................................................................ 4, 5, 6

21 U.S.C. § 951 ............................................................................ 4

21 U.S.C. § 965 ............................................................................ 5

28 U.S.C. § 1346 .......................................................................... 9

28 U.S.C. § 1491 .......................................................................... 9

**Other**

United States Constitution, art. III ........................................... 10, 11

19 C.F.R. § 162.45 ....................................................................... 5

19 C.F.R. § 162.45a ..................................................................... 5

21 C.F.R. § 1312 .......................................................................... 5

Fed. R. Civ. P. 12(b)(1) .............................................................. v

Fed. R. Civ. P. 12(b)(6) .............................................................. v

H.R. 2, 115th Cong. (2018) ........................................................ 7, 12

DEA, Diversion Control Division, Clarification of the New Drug Code (7350) for Marijuana Extract, https://www.deadiversion.usdoj.gov/ schedules/marijuana/m_extract_7350.html ............................... 3, 4, 6

H. Mölleken and H. Hussman. Cannabinoid in seed extracts of Cannabis sativa cultivars. *J. Int. Hemp Assoc.* 4(2): 73-79 (1997) ........................................ 3, 4

Ross et al., GC-MS Analysis of the Total Δ9-THC Content of Both Drug- and Fiber-Type Cannabis Seeds, *J. Anal. Toxic.*, Vol. 24, 715-717 (2000) ...................................... 4

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2
3
4
5
6
7

PLEASE TAKE NOTICE that, on February 11, 2019 at 9:00 a.m., as soon thereafter as they may be heard, Defendant United States of America will, and hereby does, move this Court for an order dismissing the complaint. This motion will be made in Courtroom 1 of the George E. Brown, Jr. Federal Building and Courthouse before the Honorable Jesus G. Bernal, United States District Judge, located at 3470 Twelfth Street, Riverside, CA 92501.

8
9
10
11
12

Defendant brings the motion on the ground that Plaintiff fails to state a claim on which relief can be granted (Fed. R. Civ. P. 12(b)(6)), Plaintiff's claims for prospective injunctive relief are not justiciable due to lack of standing and mootness (Fed. R. Civ. P. 12(b)(1)), and Plaintiff's claim for damages is barred by sovereign immunity and lack of jurisdiction (Fed. R. Civ. P. 12(b)(1)).

13
14
15

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

16
17

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on December 3, 2018.

18
19

Dated: December 17, 2018

Respectfully submitted,

20
21
22
23

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

24
25

     /s/ Blau
DANIEL O. BLAU
Assistant United States Attorney

26
27

Attorneys for Defendant
United States of America

28

v

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Marijuana, with its derivatives, is a controlled substance under Federal law. As a Schedule I controlled substance under the Controlled Substances Act, 21 U.S.C. § 801, et seq. ("CSA"), marijuana may be summarily forfeited without notice. The definition of marijuana under the CSA exempts certain portions of the plant (e.g., stalks and sterilized seeds) which contain only trace amounts (parts per million) of naturally-occurring cannabinoids, such as tetrahydrocannabinols (THC). Marijuana plant material that contains greater than trace amounts of cannabinoids is derived from the non-exempt portion of the marijuana plant and is marijuana within the definition of the CSA.

Plaintiff Innovative Nutraceuticals, LLC, is an importer of marijuana material containing greater than trace amounts of THC. In this putative class action, Plaintiff seeks the return of various shipments seized by Customs and Border Protection, damages for destroyed shipments, and sweeping injunctive relief that would have this Court rewrite the CSA and modify a complex scheme governing seizures and forfeitures. This complaint fails to state claims for violations of the Administrative Procedure Act ("APA"), as it demands relief in excess of that which the law provides, fails to state claims under the Fifth Amendment due process clause, as there is no property interest in contraband, and fails to identify a waiver of sovereign immunity to allow damages under the APA. Finally, Plaintiff's claims for prospective relief are not justiciable, as they lack standing and face likely mootness.

## II.   STATEMENT OF FACTS[1]

Plaintiff Innovative Nutraceuticals, LLC, is an importer of "crushed industrial hemp material" from which they produce and market cannabidiol (CBD) products. Complaint ¶¶ 1, 8. "Industrial hemp" is derived from the cannabis sativa plant. New Hampshire Hemp Council, Inc. v. Marshall, 203 F.3d 1, 6 (1st Cir. 2000) ("the plant

---

[1] Plaintiff's allegations in the complaint are taken as true only for purposes of this motion to dismiss.

from which the industrial products are derived is cannabis sativa"); Hemp Indus. Ass'n
v. Drug Enforcement Admin., 333 F.3d 1082, 1085 n.2 (9th Cir. 2003) ("[t]he industrial
hemp plant itself . . . falls under the definition of marijuana"). Plaintiff's shipments
consist of marijuana-derived material cultivated from industrial hemp lawfully grown in
Spain. Compl. ¶ 11. Test results from the shipper itself showed that the "hemp material"
tested positive for up to 0.2% THC. Id. ¶ 19.

On November 30, 2015, Plaintiff imported 31 kilograms of hemp plant materials
containing 0.3% or less of THC from L&M Natural Hemp in Spain. Id. ¶ 40, 41. The
materials arrived at Los Angeles International Airport ("LAX") on December 6, 2015,
and were seized by the Department of Homeland Security ("DHS"). Id. ¶ 40.

On or about January 25, 2017, in Newark, New Jersey, DHS seized from Plaintiff
another shipment from Spain of "industrial crushed hemp material." Id. ¶ 45. The
shipment had been destroyed by Defendants because it tested positive for marijuana. Id.
¶ 48.

On or about November 25, 2017, Customs and Border Protection ("CBP")
personnel seized shipment to LAX from Spain consisting of "crushed hemp plant
material containing 0.3% or less of THC." Id. ¶¶ 52-53.

On or about March 14, 2018, another shipment of Plaintiff's "hemp plant
materials containing 0.3% or less of THC" was seized at the Louisville, Kentucky
airport. Id. ¶ 60-61. The shipment consisted of 50 kilograms of "crushed industrial hemp
plant material" grown in Spain. Id. ¶ 60.

## III.   REGULATORY FRAMEWORK

### A.   Marijuana under the CSA

Marijuana is defined by Congress in the CSA as the entire Cannabis sativa plant,
and its extracts and derivatives, with exemptions for mature stalks, extracts thereof, and
certain seed extracts: 21 U.S.C. § 802(16).[2] The portions of the marijuana plant

---

[2] Specifically, marijuana is defined in the CSA as

exempted from the definition of marijuana under the CSA are those which are known to contain little to no psychoactive THC. See Hemp Indus., 333 F.3d at 1085 ("Hemp seeds and oil typically contain minuscule trace amounts of THC, less than 2 parts per million [(0.0002%)] in the seed and 5 parts per million [(0.0005%)] in the oil").

The CSA's definition of marijuana does not include or exclude material based on the quantity of THC present in that material, but instead includes or excludes material based on the portion of the plant from which it is derived. See New Hampshire Hemp Council, Inc., 203 F.3d at 6. However, the quantity of THC present in marijuana material can be used to determine which part of the plant it is derived from. Scientific studies have shown that "cannabinoids, such as tetrahydrocannabinols (THC), cannabinols (CBN) and cannabidiols (CBD), are found in the parts of the cannabis plant that fall within the CSA definition of marijuana, such as the flowering tops, resin, and leaves.[3]" DEA, Diversion Control Division, Clarification of the New Drug Code (7350) for Marijuana Extract, https://www.deadiversion.usdoj.gov/schedules/marijuana/m_extract_7350.html ("Clarification").

> According to the scientific literature, cannabinoids are not found in the parts
> of the cannabis plant that are excluded from the CSA definition of

---

> all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C. § 802(16).

[3] H. Mölleken and H. Hussman. Cannabinoid in seed extracts of Cannabis sativa cultivars. J. Int. Hemp Assoc. 4(2): 73-79 (1997).

marijuana, except for trace amounts (typically, only parts per million)[4] that may be found where small quantities of resin adhere to the surface of seeds and mature stalk.[5] Thus, based on the scientific literature, it is not practical to produce extracts that contain more than trace amounts of cannabinoids using only the parts of the cannabis plant that are excluded from the CSA definition of marijuana, such as oil from the seeds. The industrial processes used to clean cannabis seeds and produce seed oil would likely further diminish any trace amounts of cannabinoids that end up in the finished product.

Clarification. See also Hemp Indus., 333 at 1085.

Thus, while material derived from the portions of the marijuana plant exempted from the CSA's definition of marijuana may contain trace amounts (parts per million) of THC, materials containing greater than trace amounts of THC are derived from those portions of the marijuana plant which are a Schedule I controlled substance under the CSA, and so are themselves Schedule I controlled substances. 21 U.S.C. § 802(16) (marijuana includes "every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin"); see also United States v. Proyect, 989 F.2d 84, 87-88 (2d Cir. 1993) (rejecting argument that low THC material is exempt from CSA, noting "extremely broad scope of the statutory definition" of marijuana).

**B.    Legal status and seizures of Schedule I controlled substances.**

The CSA provides that all controlled substances in Schedule I and Schedule II (as defined in 21 U.S.C. § 802(6) and 812) that are possessed, transferred, sold or offered for sale in violation of the Act will be deemed contraband, seized and summarily forfeited to the United States. 21 U.S.C. § 881(f)(1) (emphasis added). The Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.) ("CSIEA") incorporates by reference

---

[4] See id.; see also S. Ross et al., GC-MS Analysis of the Total Δ9-THC Content of Both Drug- and Fiber-Type Cannabis Seeds, J. Anal. Toxic., Vol. 24, 715-717 (2000).

[5] H. Mölleken, supra.

4

1   this contraband forfeiture provision of 21 U.S.C. § 881. <u>See</u> 21 U.S.C. § 965.

2   Accordingly, in the case of a seizure of a Schedule I or Schedule II controlled substance,

3   the CBP Fines, Penalties, and Forfeitures Officer or his designee will contact the

4   appropriate DEA official responsible for issuing permits authorizing the importation of

5   such substances (<u>see</u> 21 C.F.R. § 1312). If upon inquiry, the Fines, Penalties, and

6   Forfeitures Officer or his designee is notified that no permit for lawful importation has

7   been issued, he will declare the seized substances contraband and forfeited pursuant to

8   21 U.S.C. § 881(f). Inasmuch as such substances are Schedule I and Schedule II

9   controlled substances, the notice procedures set forth in 19 C.F.R. § 162.45 are

10  inapplicable—<u>meaning that a seizure notice is not required for Schedule I or Schedule II</u>

11  <u>substances</u>. <u>See</u> 19 C.F.R. § 162.45a.

12  **IV.    ARGUMENT**

13       **A.    Plaintiff fails to state a claim for violation of the Administrative**

14              **Procedure Act.**

15       All of Plaintiff's causes of action fail to state claims under the Administrative

16  Procedure Act, 5 U.S.C. §§ 701-706 ("APA"). Plaintiff does not specify how the APA

17  was violated. Presumably, the alleged violation is related to the United States' seizure or

18  destruction, in some cases without notice, of Plaintiff's marijuana shipments. Such

19  actions, however, are permitted by law. The provision governing the scope of review

20  under the APA provides that "[t]he reviewing court shall-- . . . (2) hold unlawful and set

21  aside agency action, findings, and conclusions found to be-- (A) arbitrary, capricious, an

22  abuse of discretion, or <u>otherwise not in accordance with law</u> . . . ." 5 U.S.C. § 706

23  (emphasis added). Because the alleged wrongs committed by the United States were

24  committed in accordance with law, no APA action lies.

25       Although the CSA makes no reference to the quantity of THC present in its

26  definition of marijuana (21 U.S.C. § 802(16)), Plaintiff seeks to rewrite the CSA to

27  exempt all marijuana containing less than 0.3% THC. Compl. ¶ 24. As to the shipments

28  seized, Plaintiff alleges that "test results from the shipper itself have indicated that the

1    hemp material tested positive for up to 0.2% THC." Compl. ¶ 19. However, such

2    quantities are hundreds of times the "parts per million" THC that are present in those

3    portions of the marijuana plant exempted from the CSA, and are therefore derived from

4    those portions of the marijuana plant which are not exempt from the CSA. Consequently,

5    Plaintiff's marijuana is a Schedule I controlled substance. 21 U.S.C. § 802(16).[6]

6         Schedule I controlled substances are "deemed contraband . . . and summarily

7    forfeited to the United States." 21 U.S.C. § 881(f). The summary forfeiture provisions of

8    the CSA specifically allow forfeiture of Schedule I and II substances without notice. "If

9    anything, it is clearly established that 21 U.S.C. § 881(f)(1) & (2) allows the summary

10   forfeiture and destruction of [covered substances] without having to comply with the

11   administrative procedures prescribed by the customs laws." Conkey v. Reno, 885 F.

12   Supp. 1389, 1396 (D. Nev. 1995). See also United States v. Gordon, 638 F.2d 886, 888

13   (5th Cir. 1981) (importation of marijuana subject to summary forfeiture under 21 U.S.C.

14   § 881(f)).

15        Plaintiff argues that "[t]he fact that these imported crushed hemp plant materials

16   may test positive for trace amounts of THC does not make them illegal to import into, or

17   to possess or sell in, the United States." Compl. ¶ 16 (emphasis added). This argument is

18   inapposite, as Plaintiff's shipments, by their own admission, tested positive for far

19   greater than trace amounts of THC. Compare Clarification ("trace amounts (typically,

20   only parts per million)") with, Compl. ¶¶ 19 (up to 0.2% THC), 22 (up to 0.3% THC).

21   Furthermore, Plaintiff seeks wide-ranging injunctive relief, asking the Court to exempt

22   from the CSA non-exempt portions of the marijuana plant that contain up to 0.3% THC.

23        Plaintiff also states, inaccurately, that "[i]n 2014, Congress adopted the same

24

25   _____

26   [6] The CSA is unambiguous as to the legal status of marijuana-derived material
     based on the portion of the plant from which it was derived, To the extent that Plaintiff
27   believes that there is some ambiguity in the statute, the DEA is entitled to deference in
     its interpretation and application of the statute it administers. Chevron U.S.A. Inc. v.
28   Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984); Sharemaster v.
     U.S. SEC, 847 F.3d 1059, 1066-68 (9th Cir. 2017).

THC threshold percentage in legalizing industrial hemp." That Act did not, in fact, "legalize" industrial hemp. The Agricultural Act of 2014 allows "an institution of higher education . . . or a State department of agriculture" to grow marijuana containing not more than 0.3% THC only "for purposes of research conducted under an agricultural pilot program or other agricultural or academic research" and where such activities are permitted under the relevant state's laws. 7 U.S.C. § 5940. Plaintiff does not allege that it is an institution of higher education or a State department of agriculture, it does not allege that it is growing, rather than importing, marijuana, and it does not allege that it is doing so for research purposes. Consequently, the Agricultural Act of 2014 has no bearing on Plaintiff.

Furthermore, the Agricultural Act of 2014 specifically provides that the permitted activities may be undertaken by covered entities "[n]otwithstanding the Controlled Substances Act," indicating that, for all parties and activities not covered by the Act, marijuana containing up to 0.3% THC remains a Schedule I controlled substance under the CSA. Id.; Hemp Indus. Ass'n v. United States Drug Enforcement Admin., 720 F. App'x 886, 887 (9th Cir. 2018) ("[t]he Agricultural Act contemplates potential conflict between the Controlled Substances Act and preempts it [as to covered entities]").[7]

Plaintiff's first cause of action seeks injunctive relief that would abrogate the CSA and CSIEA by enjoining the United States from enforcing those laws as to marijuana derivatives which fall within the CSA's definition of marijuana. Compl. ¶ 68. Consequently, Plaintiff's first cause of action fails to state a claim under the APA.

Plaintiff's second cause of action seeks to have the Court order the United States to provide notice and hearing at arbitrary intervals, in spite of a comprehensive

---

[7] The recent "Agriculture Improvement Act of 2018" would amend the CSA to exempt marijuana containing up to 0.3% THC from the definition of marijuana. H.R. 2, 115th Cong. §§ 10113, 12619 (2018). Like the Agricultural Act of 2014, this strongly indicates that, under current law, marijuana containing not more than 0.3% THC is not exempted from the CSA on that basis alone. Should the President sign this bill, it will moot Plaintiff's claims for prospective relief, discussed infra.

legislative scheme that provides for notice and hearing in some forfeiture cases while specifically exempting the forfeitures at issue from requiring any notice. Compl. ¶ 71. Consequently, Plaintiff's second cause of action fails to state a claim under the APA.

Plaintiff's third cause of action, for an order requiring that the United States preserve and return any seized shipments of marijuana containing up to 0.3% THC, again requires that the United States ignore the CSA and CSIEA. Compl. ¶ 74. Consequently, Plaintiff's third cause of action fails to state a claim under the APA.

Plaintiff's fourth cause of action seeks to have the United States reimburse Plaintiff for seized marijuana despite the fact that the marijuana was summarily forfeited according to statute. Compl. ¶ 77. Consequently, Plaintiff's fourth cause of action fails to state a claim under the APA.

**B.    Plaintiff fails to state a claim for due process violations.**

Plaintiff alleges in the second cause of action that the United States owes notice and hearing for future seizures of marijuana at specified intervals as a matter of Fifth Amendment due process. Compl. ¶ 71. Plaintiff alleges in the third cause of action that the failure to return its marijuana constituted a deprivation of due process under the Fifth Amendment. Compl. ¶ 74. Plaintiff's alleges in the fourth cause of action that the United must reimburse it for seized marijuana as a matter of Fifth Amended due process. Compl. ¶ 77. However, because Plaintiff cannot establish a legally protected interest in the marijuana at issue, it cannot state a due process claim.

To establish a due process claim, the plaintiff must show the Government deprived it of a "liberty or property interest" to which it had a "legitimate claim of entitlement," and that "the procedures attendant upon that deprivation were constitutionally [in]sufficient"). Ky. Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The Supreme Court has held that no person can have a legally protected interest in contraband per se. See United States v. Jeffers, 342 U.S. 48, 53 (1951); see also Cooper v. City of Greenwood. Mississippi, 904 F.2d 302, 305 (5th Cir. 1990). "An object is contraband per se if its possession, without more, constitutes a crime; or in

8

1   other words, there is no legal purpose to which the object could be put." United States v.

2   Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008). As discussed supra, the possession and

3   importation of marijuana is a crime under federal law. See, e.g., 21 U.S.C. §§ 812(c),

4   841(a)(1), 844(a). Thus, under federal law, marijuana is contraband per se, which means

5   no person can have a cognizable legal interest in it. See Gonzales v. Raich, 545 U.S. 1,

6   27 (2005) ("The CSA designates marijuana as contraband for any purpose."). 

7   Consequently, courts regularly dispose of due process claims for marijuana for failure to

8   state a legally protected interest. See, e.g., Little v. Gore, 148 F. Supp. 3d 936, 956 (S.D.

9   Cal. 2015); Torres v. Cty. of Calaveras, No. 1:17-CV-1568 AWI-SKO, 2018 WL

10   1763245, at *2 (E.D. Cal. Apr. 12, 2018).

11   **C.     Plaintiff fails to identify a waiver of sovereign immunity for damages.**

12       Plaintiff's fourth cause of action, for damages, is barred by sovereign immunity,

13   as the APA does not provide a waiver of sovereign immunity for damages. See 5 U.S.C.

14   § 702 (granting the consent of the United States to suit in actions "seeking relief other

15   than money damages"); see also Marshall Leasing, Inc. v. United States, 893 F.2d 1096,

16   1100 (9th Cir. 1990) (while APA waives sovereign immunity with respect to equitable

17   claims, there is no waiver of sovereign immunity that would allow a plaintiff to recover

18   monetary damages from the government in the alternative); Matsuo v. United States, 416

19   F. Supp. 2d 982, 994 (D. Haw. 2006) ("A request for compensatory damages for

20   constitutional violations does not come within the APA's waiver under § 702").

21   **D.     Plaintiff fails to establish jurisdiction under the Little Tucker Act.**

22       Plaintiff's fourth cause of action, for damages, also cites the Little Tucker Act, 28

23   U.S.C. § 1346(a)(2). Compl. ¶ 77. The Little Tucker Act provides that district courts

24   have concurrent jurisdiction to hear certain non-tort claims not exceeding $10,000

25   against the United States. Claims exceeding this amount fall within the exclusive

26   jurisdiction of the United States Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2),

27   1491(a)(1); see also Hewitt v. Grabicki, 794 F.2d 1373, 1382 (9th Cir. 1986). The Little

28   Tucker Act does not create substantive rights but is simply a jurisdictional provision.

9

1    United States v. Bormes, 568 U.S. 6, 10 (2012). It is not clear what substantive rights

2    Plaintiff seeks to enforce in invoking the Little Tucker Act.

3          As Plaintiff seeks to invoke the jurisdiction of this Court, it bears the burden of

4    establishing that such jurisdiction exists. See V S Limited P'ship v. Dep't of Housing

5    and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) ("The burden of proving subject

6    matter jurisdiction falls on the plaintiff. . . . To sue the United States, [plaintiff] must

7    show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. . . .

8    The Tucker Act . . .  vests exclusive subject matter jurisdiction over all such suits in

9    excess of $10,000 in the Court of Federal Claims.")

10         Because Plaintiff's complaint fails to allege the quantum of monetary relief it

11   seeks, it has failed to establish that this Court has subject matter jurisdiction to hear the

12   claim. Consequently, its claim must be dismissed.

13        **E.**      **Plaintiff's claims for prospective injunctive relief are not justiciable.**

14         Plaintiff seeks wide-ranging prospective injunctive relief that would forbid the

15   government from seizing marijuana imported from foreign countries containing not more

16   than 0.3% THC and would require that the government implement the Plaintiff's

17   specified procedures if such marijuana is seized. Compl. ¶¶ 68, 71. These prospective

18   claims are subject to dismissal for lack of standing. "The judicial Power of the United

19   States" extends only to "Cases" and "Controversies." U.S. Const. art. III, § 2. The

20   Supreme Court has established that the "irreducible constitutional minimum" of standing

21   consists of three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

22   The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

23   challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

24   judicial decision. Id., at 560–561. The plaintiff, as the party invoking federal jurisdiction,

25   bears the burden of establishing these elements. FW/PBS, Inc. v. Dallas, 493 U.S. 215,

26   231 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . .

27   allege facts demonstrating" each element. Warth v. Seldin, 422 U.S. 490, 518 (1975).

28   ///

1            1.    <u>Plaintiff lacks standing where it could avoid harm by complying with</u>

2                  <u>law.</u>

3         Standing is inappropriate where the future injury could be inflicted only in the

4    event of future illegal conduct by the plaintiff. "[W]e are . . . unable to conclude that the

5    case-or-controversy requirement is satisfied by general assertions or inferences that in

6    the course of their activities respondents will be prosecuted for violating valid criminal

7    laws. We assume that respondents will conduct their activities within the law and so

8    avoid prosecution and conviction." <u>O'Shea v. Littleton</u>, 414 U.S. 488, 497 (1974); <u>see</u>

9    <u>also</u> <u>Hodgers–Durgin v. De La Vina</u>, 199 F.3d 1037, 1041 (9th Cir.1999) (en banc) (no

10   standing where injury "contingent upon respondents' violating the law, getting caught,

11   and being convicted.") (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 15 (1998)).

12        Here, Plaintiff seek to restrain the United States from seizing future shipments of

13   Schedule I marijuana and to require the United States to provide process that is, by law,

14   not accorded to seizures of contraband. Plaintiff lacks standing to bring such claims for

15   prospective injunctive relief, as, so long as Plaintiff does not violate provisions regarding

16   the importation of controlled substances, they will suffer no future harms requiring

17   redress.

18            2.    <u>Plaintiff's claims will likely be rendered moot by changes in law.</u>

19        "[I]t is not enough that there may have been a live case or controversy when the

20   case was decided by the court whose judgment" is under review. <u>Burke v. Barnes</u>, 479

21   U.S. 361, 363 (1987). Article III of the United States Constitution "requires that there be

22   a live case or controversy at the time that" a reviewing federal court decides the case. <u>Id</u>.

23   "Applying that limitation, the Supreme Court and our court have repeatedly held that a

24   case is moot when the challenged statute is repealed, expires, or is amended to remove

25   the challenged language." <u>Log Cabin Republicans v. United States</u>, 658 F.3d 1162, 1166

26   (9th Cir. 2011). Where a statute is changed or repealed such that "there is no longer any

27   risk that [plaintiff] will be subject to the challenged ordinance, there exists no live issue

28   upon which the court could issue prospective relief" and the case is moot. <u>Outdoor</u>

1    <u>Media Grp., Inc. v. City of Beaumont</u>, 506 F.3d 895, 901 (9th Cir. 2007).

2          Plaintiff's claims for prospective relief will likely become moot in the near future.

3    The "Agriculture Improvement Act of 2018,"[8] passed by the Senate on December 11,

4    2018, and the House of Representatives on December 12, 2018, would amend the CSA

5    to exempt marijuana containing up to 0.3% THC from the definition of marijuana. H.R.

6    2, 115th Cong. §§ 10113, 12619 (2018). With this change, Congress is providing

7    Plaintiff with the relief sought in its first cause of action, which seeks to prohibit the

8    seizure of marijuana containing not more than 0.3% THC. It will also resolve Plaintiff's

9    second cause of action, seeking to impose notice and hearing procedures where

10   marijuana of not more than 0.3% THC is seized, as such material will not be seized if it

11   is exempt from the CSA. The enactment of this bill will moot Plaintiff's claims for

12   prospective injunctive relief.[9]

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27          [8] This act is colloquially known as the "Farm Bill."

28          [9] Government counsel promptly notified Plaintiff's counsel of the passage of the law and its effects on this dispute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    CONCLUSION

The legal landscape governing marijuana is complex and rapidly changing. However, as of this writing, the relevant portions of the marijuana plant remain a Schedule I controlled substance under the CSA, and the importation of such substances is illegal and subject to summary forfeiture. "The policy arguments raised by the plaintiffs are best suited for Congress rather than a federal courtroom[.]" <u>Monson v. Drug Enforcement Admin.</u>, 522 F. Supp. 2d 1188, 1202 (D.N.D. 2007) (finding that "hemp" containing under 0.3% THC was marijuana for purposes of CSA), <u>aff'd,</u> 589 F.3d 952 (8th Cir. 2009). Congress may soon change the status of marijuana under federal law, and if its material is seized without notice at such time, Plaintiff may have a valid claim. However, under current federal law, Plaintiff has no claims and the complaint should be dismissed.

Dated: December 17, 2018                Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


     /s/ Blau
DANIEL O. BLAU
Assistant United States Attorney

Attorneys for Defendant
United States of America

13