Eric Honig (CSBN 140765)
LAW OFFICE OF ERIC HONIG
A Professional Law Corporation
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone:  (310) 699-8051
Fax:  (310) 943-2220

PAUL L. GABBERT (CSBN 74430)
1717 Fourth Street
Third Floor
Santa Monica, CA 90401
plgabbert@aol.com
Telephone: (424) 272-9575

Michael S. Chernis, Esq.  (CSBN 259319)
CHERNIS LAW GROUP P.C.
Santa Monica Water Garden
2425 Olympic Blvd.
Suite 4000-W
Santa Monica, CA 90404
Michael@chernislaw.com
Tel:  (310) 566-4388
Fax: (310) 382-2541

Attorneys for Plaintiff Innovative
Nutraceuticals, LLC and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| INNOVATIVE NUTRACEUTICALS, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No.  CV 5:18-01400-JGB-SHK<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>5 U.S.C. §701, *et seq.*; 28 U.S.C. §1346(a)(2)<br><br>[Jury Demand] |

Plaintiff INNOVATIVE NUTRACEUTICALS, LLC ("Plaintiff"), on behalf of itself and all others similarly situated, hereby files this Class Action Complaint against the above-named Defendant, and alleges:

# INTRODUCTION

1. This case is about the unconstitutional conduct of the Defendant United States government in detaining, seizing, summarily forfeiting, and destroying persons' lawfully-owned property without providing them with notice of the detention and seizure of their property, and without affording them an opportunity for a hearing to contest this unlawful conduct.

2. Federal forfeiture provides for a detailed notice and claims procedure when Defendant detains and seizes property it claims is related to drugs.

3. Defendant, however, has failed and refused to enforce or even apply these procedures when it detains and seizes certain hemp plant materials that are derived from the mature stalks and sterilized seeds of the plant, and are completely lawful, according to federal statutes, rules and regulations.

4. Hemp is a source of cannabidiol ("CBD"), a compound that has been effective in treating numerous diseases and has been used in medicine for generations. Hemp is a strain of the cannabis plant, but with markedly different legal status than what is commonly referred to in federal law as "marijuana."

5. CBD is one of over 60 compounds found in cannabis that belong to a class of ingredients called cannabinoids. CBD has no pyschoactive effects, although it can be found in strains of cannabis that also have significant amounts of tetrahydrocannabinol ("THC"), the ingredient in marijuana that produces mind-altering effects in users.

6. CBD, on the other hand, acts as an anti-inflammatory, anticonvulsant, antioxidant, antiemetic, anxiolytic and antipsychotic agent. It is used as a medicine for the treatment of neuroinflammation and certain kinds of chronic pain, epilepsy, diabetes, oxidative injury, vomiting and nausea, panic disorder, obsessive compulsive disorder, post-traumatic stress disorder and schizophrenia. CBD can significantly reduce anxiety, cognitive impairment and discomfort in speech performance.

7. Several scientific reports have demonstrated that the use of CBD also can

1  inhibit the growth of different breast tumor cell lines, can be used to inhibit the invasion
2  of lung and colon cancer, possesses anti-tumor properties in gliomas, and has been used
3  to treat leukemia.

4    8.  Seventeen states have approved the use of low THC, high CBD products for
5  medical reasons. Each state has specific requirements and conditions for CBD use, such
6  as patient registry requirements and definitions of products that are allowed

7    9.  The federal government has frequently painted the cannabis plant and its
8  component parts with a broad brush of illegality without regard to these nuances. This
9  has led to the federal government, including Customs and Border Protection, improperly
10 and/or erroneously treating all hemp and CBD as illegal.

11   10.  Plaintiff obtains crushed hemp plant materials from vendors and produces
12 and markets CBD products from those materials. Plaintiff, along with the class, herein
13 challenges the defendant government's improper detention, seizure, forfeiture and
14 destruction of these lawful materials, which are excluded from the Controlled Substances
15 Act ("CSA"), and Defendant's arbitrary, capricious and inconsistent approach to
16 enforcement of the law.

17   11.  While "Marijuana" is classified as a Schedule I substance under the CSA,
18 its definition explicitly exempts specific portions of the plant, and also does not
19 categorize CBD as a Schedule I controlled substance.

20   12.  At all times relevant to this case, "marijuana" has been defined in the CSA
21 as: "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof;
22 the resin extracted from any part of such plant; and every compound, manufacture, salt,
23 derivative, mixture, or preparation of such plant, its seeds or resin. Such term **does not**
24 **include** the mature stalks of such plant, fiber produced from such stalks, oil or cake made
25 from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture,
26 or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or
27 cake, or the sterilized seed of such plant which is incapable of germination." 21 U.S.C.
28

§802(16)(emphasis added).

13. Also, the U.S. Ninth Circuit Court of Appeals confirmed that the CSA exempts "non-psychoactive hemp" from the definition of "marijuana." *Hemp Indus. Ass'n v. Drug Enforcement Admin.* ("*Hemp Industries II*"), 333 F.3d 1012, 1013 n.2 (9th Cir. 2003)("We refer to hemp stalks, fiber, oil and cake made from hemp seed, and sterilized hemp seed itself – i.e., those substances excluded from the definition of marijuana under 21 U.S.C. § 802(16) – as 'non-psychoactive hemp.'").

14. Plaintiff's property consisted of crushed hemp stalk and seed materials that were exempted from the definition of marijuana in 21 U.S.C. §802(16), and therefore were legal to purchase, possess and import into the United States.

15. Moreover, the fact that these crushed hemp plant materials seized by Defendant may have tested positive for trace amounts of THC did not make them illegal. The Ninth Circuit has determined that naturally occurring THC contained in exempt portions of the marijuana plant does not make them illegal under the CSA. *Hemp Industries II*, at 1018.

16. Plaintiff and its vendors in Spain disclosed the contents of shipments of hemp to the regulatory authorities in Spain and the United States to ensure that they were lawful and properly delivered.

17. Nevertheless, Defendant has unlawfully detained and seized these legal materials, failed to provide notice to Plaintiff and failed to afford Plaintiff the opportunity for a hearing to contest forfeiture as required by 18 U.S.C. §983(a), and instead improperly summarily forfeited and destroyed these lawful materials.

18. Although Defendant contends that a federal statute, 21 U.S.C. §881(f), allowed it to unilaterally decide that Plaintiff's hemp plant materials were not exempted by the CSA, and seize, summarily forfeit and destroy these materials without providing any notice or a hearing, Plaintiff's hemp plant materials were and are not contraband, and thus the provisions of §881(f) were and are not applicable.

19. Instead, Defendant was required to provide Plaintiff with notice of the seizures and an opportunity for a hearing to contest forfeiture pursuant to 18 U.S.C.§983(a).

20. In addition, Defendant has arbitrarily and capriciously refused to provide Plaintiff with any evidence of how it determined that Plaintiff's hemp plant materials were not exempt, including but not limited to whether it tested the materials or any documentation of the results of such a test.

21. Since its hemp plant materials did not contain controlled substances according to the CSA's definition of marijuana, and thus were legal, Plaintiff and the class members hereby seek: a) declaratory and injunctive relief ordering Defendant not to destroy any hemp plant materials that have been seized and not yet destroyed, and to return those materials to Plaintiff and the class members promptly, and b) damages for all exempt hemp plant materials that were seized and destroyed by Defendant.

## **JURISDICTION AND VENUE**

22. This is a class action brought against the United States of America pursuant to Federal Rule of Civil Procedure 23, 5 U.S.C. §701 *et seq.*, the Fifth Amendment Due Process Clause of the United States Constitution, 18 U.S.C. §983(a) and 28 U.S.C. §1346(a)(2), *inter alia*.

23. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1346(a)(2).

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1), (2) and (3) and (e)(1)(B) and ©.

## **PERSONS AND ENTITIES**

25. The representative Plaintiff is a limited liability corporation residing in the County of Riverside, State of California, and registered in the State of California. The acts Defendant suffered upon the Plaintiff are similar to the acts Defendant suffered upon the other class members as set forth hereinafter.

26. Defendant United States of America is an entity of the government of the United States of America.

## CLASS ACTION ALLEGATIONS

27. This action is properly maintainable as a class action because: a) the class is so numerous that joinder of all members is impracticable, b) there are questions of law or fact common to the class, c) the claims or defenses of the representative party are typical of the claims or defenses of the class, and d) the representative party will fairly and adequately protect the interests of the class, pursuant to the requirements of Federal Rule of Civil Procedure 23(a), and as set forth in detail below.

28. The representative Plaintiff brings this action on behalf of itself and as a class action on behalf of the class, defined as follows:

> **Class A:** All persons and/or entities from whom hemp plant materials exempted by the CSA were detained or seized by the Defendant United States of America, on or during the six years preceding the date of the filing of Plaintiff's original class action Complaint in this case, and said materials have not yet been destroyed or returned to those persons.
>
> **Class B:** All persons and/or entities from whom hemp plant materials exempted by the CSA were detained or seized by Defendant, on or during the six years preceding the date of the filing of Plaintiff's original class action Complaint in this case, and said materials were destroyed and not returned to those persons.

29. Defendant's actions have affected the property rights of numerous class members throughout the country, making the class so numerous that joinder of all members is impracticable.

30. Because the class members may be identified from records regularly maintained by the government and its employees and agents, the number and identity of the class members can be ascertained through Defendant's own records.

31. The claims and defenses of the class representatives are typical of the class, in that their property rights were affected by Defendant's above-described improper conduct, and the representative Plaintiff, like all class members, was similarly harmed

by the same systematic and pervasive pattern of conduct engaged in by the government.

32. The representative Plaintiff will fairly and adequately represent and protect the interests of the members of the class, and has retained counsel who are competent and experienced in the areas of the Controlled Substances Act, asset forfeiture law, federal civil litigation and class action litigation in federal court. There are no materials conflicts between the claims of the representative Plaintiff and the members of the class that would make class certification inappropriate. Counsel for the class will vigorously assert the claims of all class members.

33. This class action is superior to all other methods for the fair and efficient adjudication of this controversy, because joinder of all class members is impracticable. The expense and burden of individual actions also makes it practically impossible for the class members to individually redress the wrongs they have suffered or may suffer or continue to suffer in the future if the above-described conduct continues. There will be no difficulty in managing this case as a class action.

34. The following questions of law or fact common to the members of the class predominate over any questions affecting only individual members:

    a. As to all persons or entities whose hemp plant materials are exempted by the CSA, but the materials were detained or seized by Defendant, whether Defendant should be required to preserve and not destroy said materials, and to return the materials to those persons forthwith, and/or to provide notice and a hearing pursuant to 18 U.S.C. §983(a) and due process to those persons regarding the grounds for the seizure;

    b. As to all persons or entities whose hemp plant materials were exempted by the CSA, but the materials were detained, seized and/or destroyed by Defendant on or after July 2, 2012, whether the government should pay damages to the owners of the materials for their losses and costs resulting from Defendant's conduct.

35. This action is properly maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent

or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.

36. This action also is properly maintainable as a class action because the Defendant has acted or refused to act on grounds generally applicable to the class, and such conduct is likely to reoccur against Plaintiff and the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37. Because the names and addresses of the class members are in the possession and control of Defendant, and not within Plaintiff's control, notice to the class members should be sent by Defendant.

## SPECIFIC ACTS GIVING RISE TO THIS ACTION

### 2015 Seizure and Destruction of Plaintiff's Exempt Hemp

38. On November 30, 2015, Plaintiff imported hemp plant materials exempted by the CSA from L&M Natural Hemp in Spain. The materials arrived at Los Angeles International Airport ("LAX") on December 6, 2015, and were seized by the Department of Homeland Security ("DHS").

39. The shipment consisted of four packages totaling 31 kilograms of hemp plant materials grown in Spain. The U.S. Department of Customs and Border Protection ("Customs") purportedly tested the shipment and found that it tested positive for CBD.

40. Customs seized the crushed hemp plant materials under case #2016-2720-00008901. These materials in the shipment were exempted by the CSA, and CBD is not a Schedule I controlled substance. Accordingly, on October 28, 2016, Plaintiff filed a petition with Customs for administrative review of the seizure.

41. Customs did not respond until nearly seven months later, when it denied Plaintiff's petition, stating that after consultation with the DEA, it determined that "CBD is a naturally occurring constituent of marijuana" and thus meets the definition of marijuana under the CSA. It further concluded that "hemp flowers" are not "sterilized

seed" and therefore not excluded from the definition of marijuana. Customs, however, provided no evidence that hemp flowers were contained within the materials, or that CBD is a naturally occurring constitute of marijuana.

42. Customs did not provide Plaintiff with the required notice and the opportunity to be heard to contest this determination, but instead stated that "this seizure is no longer subject to the administrative process and will be immediately subject to appropriate disposition." Plaintiff believes that the government destroyed the hemp materials contained in this shipment.

### 2017 New Jersey Seizure and Destruction of Plaintiff's Exempt Hemp

43. On or about January 25, 2017, in Newark, New Jersey, Defendant seized another shipment from Spain of crushed hemp materials exempted by the CSA.

44. On March 3, 2017, after investigating the matter with the carrier and realizing Customs had seized the shipment, Plaintiff e-mailed Customs inquiring why the shipment was seized and about the status (FP&F seizure # 2017460110152901).

45. Plaintiff's inquiry was referred to Customs' Fines, Penalties & Forfeitures division in Newark, however it was not until April 7, 2017, after several weeks of attempts to make contact with that office, that Plaintiff learned the shipment had been destroyed by Defendant because it allegedly tested positive for marijuana.

46. Defendant failed to provide Plaintiff with notice and the opportunity for a hearing to contest the seizure of its property. Defendant instead informed Plaintiff that no notice had to be provided to Plaintiff because of the alleged positive test for marijuana.

47. Since the crushed hemp materials in the shipment were exempted by the CSA, Plaintiff asked Defendant for copies of all documents concerning the seizure and destruction of its property, including investigative and lab reports, and requested reimbursement for the destroyed property, to no avail.

### 2017 Los Angeles Detention/Seizure of Plaintiff's Exempt Hemp

48. In late 2017, Plaintiff arranged for a shipment of exempt hemp plant

materials from Natural Hemp in Spain to LAX International Airport, however on or about November 25, 2017, the shipment purportedly was detained by Customs for testing.

49. Customs did not provide Plaintiff with notice of this detention, and it was not until about February 1, 2018, that Plaintiff learned from the shipping broker that the shipment had been seized by Customs.

50. During the interim months, Plaintiff attempted several times to obtain information about the shipment and to find someone with whom to communicate about the legality of the shipment's contents. Numerous messages were not returned in Plaintiff's futile effort to find a point of contact within Customs.

51. Plaintiff eventually learned the shipment was assigned Seizure #2018-2720-00009501, and was informed in a February 26, 2018 email that Customs would not provide Plaintiff with a formal notice of the seizure, and instead, it already had summarily forfeited the materials because unspecified **"**testing" allegedly revealed the presence of "THC extracts" in the materials.

52. Plaintiff immediately notified Customs by email that it intended to contest forfeiture, since the presence of small amounts of THC extracts did not make the materials illegal. Plaintiff further notified Customs not to destroy the materials because it intended to appeal Customs' determination.

53. After receiving no response from Customs, on March 8, 2018 Plaintiff sent another email to Customs asking whether the shipment had been destroyed and, if so, when, and also requested a copy of the test results referred to in Customs' email. Customs never responded to Plaintiff's inquiry and Plaintiff believes that its property was destroyed despite its specific request otherwise.

<u>2018 Seizure of Plaintiff's Exempt Hemp</u>

54. Another shipment of Plaintiff's hemp plant materials exempted by the CSA was seized at the Louisville, Kentucky airport, Customs case #2018-4196-101136701. This shipment was imported from Natural Hemp in Spain, through United Parcel Service.

10

55. On or about March 14, 2018, this shipment, for which the UPS Import Shipment Detail stated contained 50 kilograms of crushed hemp plant materials grown in Spain, was intercepted by Defendant

56. Customs purportedly tested the shipment and found it positive for trace amounts of THC.

57. Nevertheless, Customs agreed not to destroy the materials, and on April 17, 2018 Plaintiff filed an administrative petition seeking return of the shipment and its preservation for further testing.

58. On June 20, 2018, Customs responded that the shipment "may be" released to Plaintiff, but on the condition that Plaintiff a) submit a notarized "Hold Harmless Agreement" agreeing not to sue Customs for its damages relating to this improper seizure, and b) either pay for the government's private storage contractor's delivery fees for the return of its shipment or incur its own costs to pick up the shipment from the contractor in Dayton, New Jersey.

59. Although Plaintiff eventually obtained return of its exempt hemp plant materials, it incurred substantial costs due to Defendant's unlawful seizure.

## CLAIMS OF OTHER PERSONS SIMILARLY SITUATED

60. Plaintiff is informed and believes that Defendant, throughout the United States of America and its territories, has detained, seized, summarily forfeited and destroyed hemp plant materials exempted by the CSA owned by numerous class members. The harms suffered by Plaintiff and the class members are directly traceable to Defendant's inaccurate determinations and factual conclusions regarding the exempt status of the hemp plant materials.

## FIRST CAUSE OF ACTION

**(Administrative Procedures Act, 5 U.S.C. §701 *et seq.*)**

**For an Injunction and/or Declaratory Relief**

**ordering Defendant not to summarily forfeit**

11

**or destroy seized hemp plant materials,**
**and to return them while this case is pending)**

61. Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-60, above.

62. Because of the above-mentioned acts and omissions, Defendant has violated the rights of Plaintiff, and the rights of all other persons similarly situated, by improperly detaining and seizing hemp plant materials exempted by the CSA, and then summarily forfeiting and destroying them, without providing notice or a hearing to Plaintiff or the class members, in violation of 18 U.S.C. §983(a) and the U.S. Constitution, Fifth Amendment Due Process Clause.

63. Because of these aforementioned acts, and pursuant to the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, Defendant has acted and/or failed to act in its official capacity and/or under legal authority, and thus should be ordered not to summarily forfeit or destroy any seized hemp plant materials while this case is pending, and to return said materials.

**SECOND CAUSE OF ACTION**

**(28 U.S.C. §1346(a)(2); for damages for the**
**destruction of exempt hemp plant materials)**

64. Plaintiff herein incorporates by reference the acts and omissions described in Paragraphs 1-60, above.

65. Because of the above-mentioned acts and omissions, Defendant has violated the rights of Plaintiff, and the rights of all other persons similarly situated, by detaining, seizing, summarily forfeiting and/or destroying exempt hemp plant materials without providing notice and the opportunity for a hearing, in violation of 18 U.S.C. §983(a) and the Fifth Amendment Due Process Clause of the United States Constitution.

66. Because of these aforementioned acts, and pursuant to 28 U.S.C. §1346(a)(2) and 18 U.S.C. §983(a), this Court has jurisdiction over suits seeking damages for

unlawful forfeitures. *See also, e.g., Wiren v. Eide*, 542 F.2d 757, 760 (9th Cir.1976); *Simons v. United States*, 497 F.2d 1046, 1049–50 (9th Cir.1974); and *Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983).

67. Accordingly, Defendant should be ordered to pay damages to Plaintiff in an amount not to exceed $10,000 for each of the four seizures/claims described in ¶¶38-59 above, and to pay damages to similarly situated class members in amount not to exceed $10,000 for each such claim/seizure.

## BASIS FOR DECLARATORY AND INJUNCTIVE RELIEF

68. An actual controversy has arisen and now exists between Plaintiff and Defendant in that Plaintiff contends, and Defendant denies, that notice and an opportunity for a timely hearing to contest the government's conduct must be provided pursuant to 18 U.S.C. §983(a), and that the seized exempt hemp plant materials must be returned and not destroyed.

69. Beginning six years before the date of the filing of the initial Complaint, and continuing to the present time, Defendant has unlawfully and wrongfully detained, seized, forfeited and/or destroyed the property of the representative Plaintiff and the class members, and failed to provide prompt notice and the opportunity for a timely hearing to contest this conduct as mandated by federal civil forfeiture and constitutional law. Defendant also has failed and refused to return and has destroyed the property that was detained, seized and/or forfeited in violation of federal law.

70. Defendant's wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable harm, in that Defendant will continue to wrongfully deprive class members of their property.

71. Plaintiff and class members have no adequate remedy at law for the harm that has been inflicted and that continues to be threatened, in that Defendants does not provide for or offer an adequate federal administrative and/or judicial statutory remedy for aggrieved persons to protect and obtain return of their property.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all others similarly situated, pray for the following relief:

    a.    That the Court certify this action as a class action;

    b.    That judgment be entered on behalf of Plaintiff and all class members and against Defendant as requested herein;

    c.    That Plaintiff and all class members be awarded their costs and reasonable attorneys' fees in this action, pursuant to 28 U.S.C. §2412, or as otherwise authorized by law and/or equity;

    d.    For a trial by jury; and

    e.    All other necessary, proper and appropriate legal and equitable relief.

Dated: April 12, 2019        Respectfully submitted,

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation

PAUL L. GABBERT

CHERNIS LAW GROUP P.C.

/s/ Eric Honig
_____
ERIC HONIG
Attorneys for Plaintiff and the Class

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all claims and causes of action for which it is entitled to a jury trial.

Dated: April 12, 2019

Respectfully submitted,

LAW OFFICE OF ERIC HONIG
A Professional Law Corporation

PAUL L. GABBERT

CHERNIS LAW GROUP P.C.

/s/ Eric Honig
_____
ERIC HONIG
Attorneys for Plaintiff and the Class